**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

DEVONTE WILLIAMS, on behalf of himself and other individuals similarly situated, known and unknown,

Plaintiff,

v.

AMAZON.COM SERVICES LLC,

Defendant.

Case No. 1:26-cv-9852

## NOTICE OF REMOVAL

**PLEASE TAKE NOTICE** that Defendant Amazon.com Services LLC ("Amazon"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes this action from the Circuit Court of Will County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. Removal is based on the following grounds:

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil action under 28 U.S.C. § 1332(d)(2). This action is therefore removable pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b). This is a class action in which the size of the proposed class exceeds 100 members; there is diversity of citizenship between at least one member of the putative class of plaintiffs and one defendant; and the amount in controversy exceeds $5 million, exclusive of interest and costs.

2. Removal to this Court is proper because the U.S. District Court for the Northern District of Illinois embraces the Circuit Court of Will County, Illinois, where Plaintiff Devonte Williams ("Plaintiff") filed this action. *See* 28 U.S.C. §§ 93(a)(1), 1441(a).

## PROCEDURAL BACKGROUND

3. On June 12, 2026, Plaintiff filed a putative class action complaint in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, against Amazon.com Services LLC for alleged unpaid straight-time wages (i.e., non-overtime wages) and unpaid overtime wages. The alleged unpaid wages arise from two periods of purported "off-the-clock" time for employees working in Amazon facilities in Illinois: (i) pre-shift time spent walking from the entrance to a physical time clock before clocking in and (ii) post-shift time spent walking to the exit and passing through required "security screenings" after clocking out. **Exhibit A**, Complaint ("Compl.") ¶¶ 1-2, 40.

4. On behalf of himself and a putative class and putative subclass, Plaintiff asserts causes of action for violations under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq*. (Count I) and the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/1, *et seq*. (Count II), and for quantum meruit under Illinois common law (Count III). Ex. A, Compl ¶¶ 1-2, 48-66.

5. Plaintiff defines his putative class (the "Class") as:

> All current and former hourly, non-exempt employees of Amazon who worked at an Amazon warehouse or fulfillment center in Illinois at any time during the last ten (10) years … who were subject to Amazon's [alleged] timekeeping practices … under which employees badge through a controlled entrance and walk to a physical time clock inside the facility before clocking in and punch out at a physical time clock and then walk to and pass through a security screening before exiting the facility.

*Id.* ¶ 40.

6. Plaintiff further defines his overtime subclass (the "Overtime Subclass") as:

> All members of the Class who, in one or more individual workweeks during the three (3) years preceding the filing of this Complaint through the entry of judgment, worked more than forty (40) hours when the uncompensated time described in this Complaint is included in their hours worked.

*Id.*

7. Plaintiff also alleges that both the Class and Overtime Subclass each includes over 100

members. *Id.* ¶ 43.

8. Plaintiff expressly carves out from the scope of his alleged unpaid wage claims any "compensation for time spent undergoing, or waiting to undergo, COVID-19 temperature, health, or symptom screenings, which … is the subject of a separate pending action" in this Court before the Honorable Judge Durkin: *Johnson v. Amazon.com Servs. LLC*, Case No. 1:23-cv-00685 (N.D. Ill.). Ex. A, Compl. ¶¶ 4, 41.

9. However, on July 15, 2026, the *Johnson* plaintiffs filed a Third Amended Complaint that purports to broaden the scope of that action and encompass the claims raised here. *See Johnson*, Case No. 1:23-cv-00685 (N.D. Ill.), Dkt. 48. Specifically, the new *Johnson* complaint brings unpaid wage claims based on the same "walk time" and "security screening" periods alleged here on behalf of a putative class that subsumes Plaintiff's putative Overtime Subclass. *Id.* ¶¶ 58-87.

10. Thus, this case and *Johnson* are "related cases" under Local Rule 40.4, and Amazon has identified *Johnson* in the "related cases" section of the Civil Cover Sheet here.

11. Whereas the *Johnson* plaintiffs expressly concede the amount put into controversy by their putative class claims "exceeds $5 million," *Johnson*, Dkt. 48 ¶ 13, Plaintiff here does not make any allegation about the amount put into controversy by his putative class claims. Instead, he requests an unspecified award of "all unpaid wages, including unpaid overtime wages" (or, in the alternative, the reasonable value of uncompensated time under quantum meruit), statutory damages, penalties (including treble damages), interest, and/or reasonable attorneys' fees and costs, among other forms of relief. Ex. A, Compl., Prayer for Relief, ¶¶ D-H.

12. On July 16, 2026, Plaintiff served a copy of his Complaint and Summons on Amazon. *See* Ex. A; **Exhibit B** (Notice of Service of Process).

13. No further proceedings have occurred in the state court action. *See* **Exhibit C** (Will County Clerk of the Circuit Court, Electronic Docket Search, Case Information Summary for Case

No. 2026LA000562 (Aug. 14, 2026)).

## TIMELINESS

14. The thirty-day removal clock under 28 U.S.C. § 1446(b) has not started to run because Amazon has not "receive[d] a pleading or other paper that affirmatively and unambiguously reveals that the predicates for removal[,]" including the amount in controversy, "are present." *Walker v. Trailer Transit, Inc.*, 727 F.3d 819, 824 (7th Cir. 2013). In particular, neither the Complaint nor any other paper in this action "specifically disclose[s] the amount of monetary damages sought." *Id.* Thus, this removal is timely.

15. Regardless, Amazon filed this Notice within thirty (30) days of service of the Complaint, which occurred on July 16, 2026. *See* 28 U.S.C. § 1446(b)(1); Fed. R. Civ. P 6(a)(1)(C); Ex. B.

## GROUNDS FOR REMOVAL: CLASS ACTION FAIRNESS ACT

16. The Court has original jurisdiction under CAFA because (a) the putative class includes more than 100 members, (b) there is minimal diversity of citizenship, and (c) the amount in controversy exceeds $5 million. 28 U.S.C. § 1332(d); *Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 578 (7th Cir. 2017). No exception to CAFA jurisdiction applies.

### CLASS SIZE

17. CAFA requires that "the number of members of all proposed plaintiff classes in the aggregate" is 100 or greater. 28 U.S.C. § 1332(d)(2), (5)(B).

18. Plaintiff seeks to represent the Class and Overtime Subclass, each of which he alleges includes more than 100 members. Ex. A, Compl. ¶ 43.

19. For the purposes of removal only, Amazon assumes Plaintiff's allegations regarding the size of his proposed Class and Subclass are correct. *See Roppo*, 869 F.3d at 581 ("[Defendant] may rely on the estimate of the class number set forth in the complaint.").

20. Thus, "the number of members of all proposed plaintiff classes in the aggregate" is greater than 100, 28 U.S.C. § 1332(d)(5)(B), and the CAFA class-size requirement is satisfied.

## Minimal Diversity of Citizenship

21. CAFA requires the existence of minimal diversity of citizenship, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A).

22. Plaintiff alleges that he "resides in Hammond, Indiana." Ex. A, Compl. ¶ 8. Natural persons are citizens "of the state in which they reside or—to be more precise—are 'domiciled.'" *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) (citations omitted). Therefore, Plaintiff is a citizen of Indiana according to his allegations.

23. As Plaintiff acknowledges, the sole defendant, Amazon.com Services LLC, is a Delaware limited liability company with its principal place of business in Seattle, Washington. Ex. A, Compl. ¶ 9. Limited liability companies are citizens of every state of which any member is a citizen. *See Page*, 2 F.4th at 635.

24. Amazon.com Sales, Inc. is the sole member of Amazon.com Services LLC. *See* **Exhibit D** (Declaration of Liz Hackett) ("Hackett Decl.") ¶ 4. A corporation is "a citizen of every [s]tate . . . by which it has been incorporated and of the [s]tate . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is its "nerve center," or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010). Amazon.com Sales, Inc. is incorporated in Delaware. *See* Ex. D, Hackett Decl., ¶ 5. Amazon.com Sales, Inc.'s headquarters are located in Seattle, Washington, and staffed by the corporate officers and executives responsible for overseeing its business. *Id.* ¶ 6. Amazon.com Sales, Inc. is therefore a citizen of Delaware and Washington, which means Amazon.com Services LLC is also a citizen of Delaware and Washington.

25. Thus, the CAFA minimal-diversity requirement is satisfied.

**AMOUNT IN CONTROVERSY**

26. CAFA requires that the aggregate amount put in controversy by the action, exclusive of interest and costs, "exceeds the sum or value of $5,000,000[.]" 28 U.S.C. § 1332(d)(2), (6).

27. As the removing party, Amazon bears the burden of establishing that the amount-in-controversy requirement is satisfied.[1] *Roppo*, 869 F.3d at 578. To do so, Amazon need only plead that there is a "reasonable probability that the stakes exceed the minimum." *Back Drs. Ltd. v. Metro. Prop. & Cas. Ins. Co.*, 637 F.3d 827, 829 (7th Cir. 2011). This burden "is a pleading requirement, not a demand for proof." *Blomberg v. Serv. Corp. Int'l*, 639 F.3d. 761, 763 (7th Cir. 2011). Thus, "[a] good-faith estimate is acceptable if it is plausible and adequately supported by the evidence." *Id.* (quoting *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005)); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 87 (2014) (defendant's good-faith estimate of amount in controversy is sufficient for removal).

28. There are "several ways that the defendant may meet this burden." *Roppo*, 869 F.3d at 579. One way is by "calculation from the complaint's allegations . . . [and] by introducing evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands." *Id.* (citations omitted).

29. In Count II of the Complaint, Plaintiff contends that the IWPCA entitles him and his putative Class to be paid for "all wages earned, at their agreed rate of pay, for the pre-shift and post-shift time they were required to spend on Amazon's premises" since June 12, 2016 (or ten years

---

[1] Amazon sets forth these amount-in-controversy calculations for removal purposes only. Amazon denies that Plaintiff or his putative Class or putative Subclass are entitled to any unpaid straight-time or overtime wages, statutory damages, or any other relief requested in any pleading in this case.

preceding the filing of the Complaint).[2] *See* Ex. A, Compl. ¶¶ 40, 59, 61.

30. Plaintiff further alleges that, for every shift, the required "pre-shift" time on premises was approximately five (5) to ten (10) minutes, *id.* ¶ 24, and the required "post-shift" time on premises was approximately five (5) to twenty (20) minutes or longer, *id.* ¶ 32. He contends all of this time was compensable, but unpaid. *Id.* ¶¶ 25, 33, 39.

31. Given these allegations, the demands made under the IWPCA (Count II) alone are in excess of $5 million. That is true even if one substantially limits the analysis to (i) just the three years prior to the filing of the Complaint (as opposed to the alleged 10-year limitations period), and (ii) just the alleged unpaid straight-time wages. *Id.* ¶¶ 40, 55-61.

32. Based on these limitations, the aggregate unpaid straight-time wages sought under Count II on behalf of the putative Class can be estimated through the following steps. ***First***, find a minimum number of days worked by hourly, non-exempt Amazon employees who worked in one of Amazon's Illinois warehouse or fulfillment center facilities[3] during the three-year period. **Exhibit E** (Declaration of Angela Ujano) ("Ujano Decl.") ¶¶ 3-6 (establishing a scope of Amazon facilities in Illinois during the period from June 12, 2023, through August 1, 2026, and authenticating payroll and time-punch records for non-exempt, hourly employees working in those facilities during that period); **Exhibit F** (Declaration of Dr. Nathan Woods) ("Woods Decl.") ¶¶ 3-5 (using those time and payroll records to calculate the number of workdays). This figure represents a minimum number of "pre-shift" periods at issue, as each employee allegedly had unpaid "walk" time each time they entered a facility to work a shift. Ex. A, Compl. ¶¶ 2, 23-25. ***Second***, multiply the total number of workdays

[2] As noted above, *supra* ¶ 8, Plaintiff alleges "the claims asserted on behalf of the Class . . . do not include[] compensation for time spent undergoing, or waiting to undergo," the COVID-19 screenings alleged in *Johnson*. Ex. A, Compl. ¶ 41.

[3] The Illinois facilities are part of Amazon's fulfillment network, which includes fulfillment centers, sort centers, and delivery stations. *See* Ex. E, Ujano Decl., ¶ 2 n.1.

by five (5). This product represents the total minimum number of alleged unpaid minutes, assuming each pre-shift walk period took five (5) minutes, which is the minimum alleged duration of each period. *Id.* ¶ 24. Third, divide the total number of alleged unpaid minutes by 60. This quotient represents the total number of alleged unpaid hours. Fourth, multiply the total number of alleged unpaid hours by the average hourly pay rate for the hourly, non-exempt Amazon employees in one of Amazon's Illinois warehouse or fulfillment center facilities during the same three-year period. This product represents the total amount of unpaid straight-time wages sought under the IWPCA under Count II.

33. During the period of June 12, 2023, through August 1, 2026, hourly, non-exempt Amazon employees in Amazon's Illinois warehouse or fulfillment center facilities worked ***at least*** 5,332,058 total workdays. *See* Ex. F, Woods Decl., ¶¶ 3-5.

34. The average hourly pay rate for those 5,332,058 workdays was $21.70 per hour. *Id.* ¶ 5.

35. Therefore, Amazon calculates that the amount of unpaid straight-time wages sought under Count II is ***at least*** $9,642,138 from June 12, 2023, through August 1, 2026. This is equal to 5,332,058 (workdays), then multiplied by 5 (minutes per screening), then divided by 60 (minutes per hour), then multiplied by $21.70 (average pay per hour). *See* Ex. F, Woods Decl. ¶¶ 3-5; *supra* ¶ 32.

36. That figure doubles if the calculations assume Plaintiff's higher estimate for the duration of each pre-shift walk period: ten (10) minutes. Ex. A, Compl. ¶ 24. Changing only that assumption, Amazon calculates that the amount of unpaid straight-time wages sought under Count II is ***at least*** $19,284,276, from June 12, 2023, through August 1, 2026. This is equal to 5,332,058 (workdays), then multiplied by 10 (minutes per walk), then divided by 60 (minutes per hour), then multiplied by $21.70 (average pay per hour). Ex. F, Woods Decl. ¶¶ 3-5; *supra* ¶ 32.

37. These are conservative estimates of the amount-in-controversy for Count II because

they do not account for, among other things, (i) the alleged unpaid straight-time wages based on the uncompensated *post*-shift activities, Ex. A, Compl. ¶¶ 26-33 (alleging another "five to twenty minutes [or] longer" for post-shift security screening and walking); (ii) any additional damages sought and potentially recoverable under the IWPCA on top of any alleged unpaid straight-time wages, *see id.* ¶¶ 59-60 (alleging Amazon is liable under the IWPCA "for all wages earned" and "damages of five percent (5%) of the amount of any such underpayments for each month during which the underpayments remain unpaid") (citing 820 ILCS 115/14(a)); (iii) alleged unpaid straight-time wages before June 12, 2023; and (iv) alleged unpaid straight-time wages after August 1, 2026, as Plaintiff defines the Class period as extending "through the entry of judgment." *Id.* ¶ 40.

38. Thus, Count II alone satisfies the CAFA amount-in-controversy requirement. Even so, the demands made under Count I, the IMWL claim, further increase the amount-in-controversy for this lawsuit.

39. In the Complaint, Plaintiff contends that the IMWL entitles him and his putative Overtime Subclass to "overtime pay" at one and one-half times their regular rates of pay for all time worked over forty (40) hours in an individual work week. Ex. A, Compl. ¶ 48 (citing 820 ILCS 105/4a). As such, he claims Amazon is liable under the IMWL to him and his putative Overtime Subclass for all unpaid overtime hours, trebled, since June 12, 2023 (or three (3) years preceding the filing of the Complaint). *Id.* ¶ 54.

40. The alleged uncompensated pre-shift and post-shift activities (including security screening policies and practices) giving rise to the IMWL claims in Count I are the same as those giving rise to the IWPCA claims in Count II. *See id.* ¶ 52.

41. Amazon does not set forth that additional IMWL damages amount herein; nevertheless, it further reinforces that the CAFA jurisdictional threshold is exceeded given that the IWPCA claim alone puts more than $5 million into controversy. *Supra* ¶¶ 35-36.

42. The amount of attorneys' fees Plaintiff accrued "up to the time of removal also count toward the jurisdictional amount." *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006). That exact amount is unknown to Amazon; nevertheless, it further reinforces that the CAFA jurisdictional threshold is exceeded.

43. Thus, the CAFA amount-in-controversy requirement is satisfied. 28 U.S.C. § 1332(d)(2).

## NOTIFICATIONS

44. Amazon will promptly provide written notice to Plaintiff, through counsel, of the removal, in accordance with 28 U.S.C. § 1446(d).

45. Amazon will file a copy of its Notice of Removal with the Clerk of the Circuit Court of Will County, Illinois, in accordance with 28 U.S.C. § 1446(d).

## NON-WAIVER AND RESERVATION OF RIGHTS

46. If this Court determines that the pleadings and other documents to date lack adequate information from which to ascertain the prerequisites to jurisdiction under CAFA, Amazon reserves the right to remove this action at the appropriate time. *See Walker*, 727 F.3d at 821.

47. Amazon reserves all defenses and objections it may have to this action, without conceding either the Complaint's allegations or that Plaintiff has pleaded claims upon which relief may be granted.

WHEREFORE, Defendant Amazon.com Services LLC respectfully requests that the above action now pending in the Circuit Court of Will County, Illinois, be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

Dated: August 14, 2026

Respectfully submitted,

*/s/ Sari M. Alamuddin*

Sari M. Alamuddin (IL Bar No. 6215689)
Kevin F. Gaffney (IL Bar No. 6318103)
Amanda J. Witt (IL Bar No. 6341444)
Katherine Plaster (IL Bar No. 6346267)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
(312) 324-1000
(312) 324-1001 fax
sari.alamuddin@morganlewis.com
kevin.gaffney@morganlewis.com
amanda.witt@morganlewis.com
katherine.plaster@morganlewis.com

*Counsel for Defendant Amazon.com Services LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of **Defendant's Notice of Removal** was electronically filed with the Clerk of the Court using the Court's CM/ECF electronic filing system and has been served via United States mail, postage prepaid, and email this 14th day of August, 2026, upon:

MORGAN & MORGAN, P.A.

Nick Nepustil
332 South Michigan Ave., #900
Chicago, IL 60604
nicholas.nepustil@forthepeople.com

Paul M. Botros
8151 Peters Rd., Suite 4000
Plantation, FL 33324
pbotros@forthepeople.com

*Attorneys for Plaintiff Devonte Williams*

*/s/ Sari M. Alamuddin*
Sari M. Alamuddin