# Exhibit A

# SUMMONS

IN THE STATE OF ILLINOIS, CIRCUIT COURT

☑ **Alias Summons**

*Check if this is not the 1st Summons issued for this Defendant/Respondent.*

**COUNTY:** WILL

*County Where You Are Filing the Case*

*Enter the case information as it appears on your other court documents.*

**PLAINTIFF/PETITIONER OR IN RE:** DEVONTE WILLIAMS, on behalf of himself and all other persons similarly situated, known and unknown,

*Who started the case.* *First, Middle, and Last Name, or Business Name*

**DEFENDANTS/RESPONDENTS:** AMAZON.COM SERVICES,LLC

*Who the case was filed against.* *First, Middle, and Last Name, or Business Name*

2026LA000562

**Case Number**

**The Defendant/Respondent named above has been sued. Read this form for information about how to respond to this lawsuit. Also see page 4 for next steps.**

**For the person filling out this form: Read all instructions in this box.**

This *Summons* can only be used for certain types of cases. See the *How To Serve a Summons* Instructions for more information: ilcourts.info/how-to-summons.

Check 1 if this is a 30-day summons or check 2 if this is a date certain summons. Fill in all the information in 1 or 2.

- Use a **date certain summons** if you are asking for money of $50,000 or less or recovery of your personal property that you think the Defendant has, and for some mandatory arbitration cases. In 2, fill in your court date and how to go to court. You may get the court date when you e-file or you may need to ask the Circuit Clerk's office.
- Use a **30-day summons** for most other case types.

Complete the rest of the form with the Defendant/Respondent's information and information about the lawsuit.

**If you are suing more than 1 Defendant/Respondent**, attach an *Additional Defendant/Respondent Address and Service Information* form for **each** additional Defendant/Respondent.

## ☑ 1. 30-DAY SUMMONS

To participate in this case, you must **file** your *Appearance* and *Answer/Response* forms with the court within 30 days after you are served with this *Summons* (not counting the day of service) by e-filing or at:

Court Address: 100 W Jefferson St, Joliet, IL 60432

*Courthouse Street Address*

**- or -**

## ☐ 2. DATE CERTAIN SUMMONS

*Your court date is listed below. Information about getting a court date and how to attend is available from the Circuit Clerk. You can find their contact information at ilcourts.info/clerks.*

To respond to this *Summons*, you must **attend court** in one of the ways checked below on:

____________ at ________ ☐ a.m. ☐ p.m. in __________.

*Month, Day, Year* *Time* *Courtroom Number*

*Case Number* 2026LA000562

## Going to Court for a Date Certain Summons

Court dates may be in-person, remote, or a combination of in-person and remote.

☐ **In person** at: ______________________ ______________
*Courtroom Address* *Courtroom Number*

☐ **Remotely** (video or telephone)

**By video conference at:** ______________________
*Video Conference Website*

Log-in information: ______________________
*Video Conference Log-in Information, Meeting ID, Password, etc.*

**By telephone** at: ______________________
*Call-In Number for Telephone Remote Appearance*

To find out more about remote court options:

Phone: ______________ or Website: ______________________
*Circuit Clerk's Phone Number* *Website URL*



## 3. ADDITIONAL INFORMATION ABOUT THE LAWSUIT

a. I am asking for the following amount of money in my *Complaint/Petition*: $ ______________.
*(Enter 0 if you are not asking for money)*

b. I am asking for the return of tangible personal property (items in the Defendant/Respondent's possession) in my *Complaint/Petition*.

☐ Yes ☐ No

## 4. DEFENDANT/RESPONDENT'S INFORMATION

a. Number of Defendants/Respondents being served:

☒ I am having 1 Defendant/Respondent served and their information is on this form below.

☐ I am having more than 1 Defendant/Respondent served. The first is listed below. I have attached *Additional Defendant/Respondent Address and Service Information* forms for the following number of additional Defendants/Respondents: __________.
*Number*

b. First Defendant/Respondent's **primary address/information** for service:

Name: AMAZON.COM SERVICES, LLC
*First, Middle, and Last Name, or Business Name*

Registered Agent's Name *(if you are serving the Registered Agent of a business)*:

Illinois Corporation Service Company
*First, Middle, and Last Name*

Street Address: 801 Adlai Stevenson Drive
*Street, Apt #*

City, State, ZIP: Springfield, Illinois 62703
*City* *State* *Zip*

Telephone: (800) 288-8695 Email: ______________________

Case Number 2026LA000562

c. **Second address for this Defendant/Respondent:**

☐ I do **not** have another address where the Defendant/Respondent might be found.

☒ I have another address where this Defendant/Respondent might be found. It is:

Street Address: Amazon Legal Department, 2021 7th Ave
*Street, Apt #*

City, State, ZIP: Seattle, WA 98121
*City* *State* *Zip*

Telephone: ______________ Email: ______________

d. Person who will serve your documents on this Defendant/Respondent:

☐ Sheriff in Illinois ☑ Special process server ☐ Licensed private detective

☐ Sheriff outside Illinois: ______________
*County & State*

**PLAINTIFF/PETITIONER INFORMATION:**

*Enter your information below.*

Name DEVONTE WILLIAMS, on behalf of himself and all other persons similarly situated, known and unknown,
*First, Middle and Last Name*

Registered Agent's name, if any Morgan & Morgan PA
*First, Middle and Last Name*

Street Address 332 S MICHIGAN AVE, STE 900
*Street, Apt #*

City, State, ZIP: CHICAGO, IL 60604
*City* *State* *Zip*

Telephone: 312-702-0550 Email: ______________

Be sure to check your email every day so you do not miss important information, court dates, or documents from other parties.

**STOP** The Circuit Clerk and officer or process server will fill in this section.

**To be filled in by the Circuit Clerk:**

Witness this Date: 7/14/2026 11:07

Clerk of the Court: Andrea Lynn Chasteen

TWELFTH JUDICIAL CIRCUIT COURT WILL COUNTY ILLINOIS

**To be filled in by an officer or process server:**

Date of Service: ______________

*Fill in the date above and give this copy of the Summons to the person served.*

**Note to officer or process server:**

- If **1** is checked, this is a 30-day *Summons* and must be served within 30 days of the witness date.
- If **2** is checked, this is a date certain *Summons* and must be served at least 21 days before the court date, unless 3b is checked yes.
  - If **2** is checked **and 3b** is checked yes, the *Summons* must be served at least 3 days before the court date.
- Fill in the date above and give this copy of the *Summons* to the person served.
- You must also complete the attached *Proof of Service* form and file it with the court or return it to the Plaintiff.

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2026LA000562
Filed Date: 6/12/2026 4:00 PM
Envelope: 38545458
Clerk: HH

**IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT**
**WILL COUNTY, ILLINOIS**

| | | |
|---|---|---|
| DEVONTE WILLIAMS, on behalf of himself and all other persons similarly situated, known and unknown, | ) | Case No. 2026LA000562 |
| Plaintiff, | ) | CLASS ACTION |
| | ) | JURY TRIAL DEMANDED |
| v. | ) | |
| AMAZON.COM SERVICES, LLC, | ) | |
| Defendant. | ) | |

**CLASS ACTION COMPLAINT**

Plaintiff Devonte Williams, on behalf of himself and all other persons similarly situated, known and unknown, by and through his attorneys, for his Class Action Complaint against Defendant Amazon.com Services, LLC ("Amazon" or "Defendant"), states as follows:

**NATURE OF THE ACTION**

1. This is a class action to recover unpaid wages, including unpaid overtime wages, statutory penalties, prejudgment and post-judgment interest, and reasonable attorneys' fees and costs, under the Illinois Minimum Wage Law, 820 ILCS 105/1 to 105/15 ("IMWL"), and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 to 115/15 ("IWPCA").

2. Amazon employs hourly, non-exempt workers at its warehouse and fulfillment centers in Illinois. Amazon requires these employees to perform activities on its premises both before they clock in and after they clock out, and does not compensate them for that time. Before clocking in, employees are required to badge through a controlled entrance and walk across the facility to reach the time clock. After clocking out, employees are required to undergo a security



RM: 802 TIME: 9:30AM

screening of themselves and their personal belongings before they are permitted to leave the premises.

3. Under Illinois law, "hours worked" includes "all the time an employee is required to be on duty, *or* on the employer's premises, *or* at other prescribed places of work, and any additional time the employee is required or permitted to work for the employer." Ill. Admin. Code tit. 56, § 210.110 (2022). The Illinois Supreme Court has held that the IMWL does not incorporate the exclusions for "preliminary" and "postliminary" activities contained in the federal Portal-to-Portal Act, and that the General Assembly "did not signify any intention to incorporate the preliminary and postliminary activities exclusions" of federal law into the IMWL. *Johnson v. Amazon.com Servs., LLC*, 2026 IL 132016, ¶ 18, 2026 WL 772733, at *4 (Ill. Mar. 19, 2026).

4. By failing to pay its hourly employees for this required pre-shift and post-shift time on its premises, Amazon violated and continues to violate the IMWL and the IWPCA. Plaintiff brings this action on behalf of himself and a class of similarly situated current and former hourly Amazon employees in Illinois. Plaintiff does not seek in this action compensation for time spent undergoing, or waiting to undergo, COVID-19 temperature, health, or symptom screenings, which time is the subject of a separate pending action, *Johnson v. Amazon.com Servs., LLC*, No. 1:23-cv-00685 (N.D. Ill.).

## JURISDICTION

5. This Court has jurisdiction over Defendant pursuant to 735 ILCS 5/2-209(a)(1) because Defendant transacts business within the State of Illinois out of which the claims alleged herein arise, and pursuant to 735 ILCS 5/2-209(b)(4) because Defendant is doing business within the State of Illinois.

6. The relief sought is within the jurisdiction of this Court.

## VENUE

7. Venue is proper in Will County pursuant to 735 ILCS 5/2-101 because a substantial part of the transactions and occurrences out of which the claims alleged herein arose took place in Will County, Illinois, where Plaintiff performed work for Defendant at Defendant's MDW4 fulfillment center in Joliet, and because Defendant transacts business in Will County, Illinois.

## THE PARTIES

8. Plaintiff Devonte Williams is an individual who resides in Hammond, Indiana. At all relevant times, Plaintiff was employed by Amazon as an hourly, non-exempt employee at Amazon's MDW4 fulfillment center located in Joliet, Will County, Illinois.

9. Defendant Amazon.com Services, LLC is a Delaware limited liability company with its principal place of business in Seattle, Washington. Amazon owns and operates warehouse and fulfillment centers in Illinois, including the MDW4 facility in Joliet, where Plaintiff worked. Defendant may be served with process through its registered agent, Illinois Corporation Service Company, 801 Adlai Stevenson Drive, Springfield, Illinois 62703.

10. At all relevant times, Amazon was the employer of Plaintiff and the Class Members within the meaning of the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS 115/2.

11. At all relevant times, Plaintiff and the Class Members were employees of Amazon within the meaning of the IMWL, 820 ILCS 105/3, and the IWPCA, 820 ILCS 115/2, and were not exempt from the requirements of those statutes.

## FACTUAL BACKGROUND

### A. Amazon's Timekeeping and Pay Practices

12. Amazon paid Plaintiff and the Class Members on an hourly basis.

13. Amazon agreed to pay Plaintiff and the Class Members their hourly wages for all hours worked.

14. Amazon's agreement to pay its hourly employees for all hours worked is reflected in written documents that Amazon issued to, and required written acknowledgment of from, Plaintiff and the Class Members. In a written offer of employment dated November 6, 2024, Amazon agreed to pay Plaintiff $20.50 per hour, "payable weekly in accordance with the Company's standard payroll practice," and stated that Plaintiff "will be eligible for overtime pay in accordance with applicable laws."

15. Amazon maintains a written Working Hours (Non-Exempt/Hourly) Policy applicable to its hourly employees, which states that "it is important to be fully and accurately compensated for all of our hard work" and which "generally defines what constitutes paid working time for hourly (non-exempt) associates." Under the heading "'Off the Clock' Work Not Allowed," the Working Hours Policy provides that "[h]ourly associates are responsible for reporting all hours worked" and that "[n]o one may allow or ask any associate to perform work 'off the clock' without being paid."

16. Amazon required Plaintiff and the Class Members to acknowledge the Working Hours Policy in writing in connection with their employment. On November 7, 2024, Plaintiff executed Amazon's Working Hours Policy Acknowledgment Form, acknowledging that he is "responsible for reporting all hours worked" and that "no one may allow or ask me to perform work 'off the clock' without being paid."

17. Through these and other documents, policies, and practices, and through the parties' course of dealing, Amazon and its hourly employees manifested their mutual assent to an agreement under which Amazon pays its hourly employees their agreed hourly rate, and overtime

in accordance with applicable law, for all hours worked, and under which no employee may be required or permitted to perform work "off the clock" without being paid. An employment "agreement" within the meaning of the IWPCA "is broader than a contract and requires only a manifestation of mutual assent on the part of two or more persons." *Zabinsky v. Gelber Group, Inc.*, 347 Ill. App. 3d 243, 249 (1st Dist. 2004); *accord Landers-Scelfo v. Corporate Office Systems, Inc.*, 356 Ill. App. 3d 1060, 1068-69 (2d Dist. 2005).

18. Amazon paid Plaintiff on a weekly basis.

19. Amazon required Plaintiff and the Class Members to record their work time using a physical time clock located inside the facility. Plaintiff and the Class Members go "on the clock" only when they punch in at the physical time clock, and go "off the clock" only when they punch out at the physical time clock.

20. Amazon compensated Plaintiff and the Class Members only for the time recorded between their punch-in and punch-out at the physical time clock.

21. At all relevant times, including from at least November 2024 through the present, Amazon employed Plaintiff at its MDW4 facility.

22. In most workweeks during his employment, Plaintiff worked more than forty (40) hours, as reflected on the earnings statements Amazon issued to him.

**B. <u>Required, Uncompensated Pre-Shift Activities (Before Clocking In)</u>**

23. To enter the facility, Plaintiff and the Class Members are required to use an Amazon-issued badge to pass through a controlled entrance.

24. After entering through the controlled entrance, and before they can clock in, Plaintiff and the Class Members are required to walk from the entrance to the physical time clock. This walk takes approximately five to ten minutes.

25. Plaintiff and the Class Members cannot clock in, and do not begin receiving pay, until they reach the physical time clock. The time Plaintiff and the Class Members spend badging through the controlled entrance and walking to the time clock is not recorded by Amazon's timekeeping system and is not compensated.

C. **Required, Uncompensated Post-Shift Activities (After Clocking Out)**

26. The physical time clocks at which Plaintiff and the Class Members punch out are located away from the facility's exit.

27. Amazon tracks employees' productivity, and time between an employee's last product scan and punch-out is counted as "idle time" that negatively affects the employee's productivity rate. As a result, Plaintiff and the Class Members punch out at the time clock immediately after completing their work on the warehouse floor.

28. No time clock is located at, near, or beyond the security screening area or the facility exit. Once Plaintiff and the Class Members have exited the warehouse floor and clocked out, there is no time clock available to them at any point before they leave the facility. It is therefore not possible for Plaintiff and the Class Members to remain clocked in while walking to, waiting for, and undergoing the post-shift security screening; every employee necessarily passes through the security screening off the clock.

29. After clocking out, Plaintiff and the Class Members are required to walk from the time clock to a security screening area at the front of the facility.

30. Before they are permitted to leave the premises, Plaintiff and the Class Members are required to undergo a security screening, which includes passing themselves and all of their personal belongings through the screening.

31. The security screening, and the walk to it, occur after Plaintiff and the Class Members have clocked out and are no longer being paid.

32. The security screening takes anywhere from five to twenty minutes, and longer when the screening line is busy or when an employee is subjected to additional screening.

33. The time Plaintiff and the Class Members spend walking to the security screening area, waiting for the screening, and undergoing the screening is not recorded by Amazon's timekeeping system and is not compensated.

**D. The Uncompensated Time Is Compensable "Hours Worked" Under Illinois Law**

34. Under the IMWL and the regulations promulgated by the Illinois Department of Labor, "hours worked" includes "all the time an employee is required to be on duty, or on the employer's premises, or at other prescribed places of work, and any additional time the employee is required or permitted to work for the employer." Ill. Admin. Code tit. 56, § 210.110 (2022).

35. The pre-shift and post-shift activities described above constitute hours worked under the IMWL because Plaintiff and the Class Members are required by Amazon to be on Amazon's premises during that time.

36. The definition of "hours worked" under Illinois law is disjunctive: it includes all time an employee is "required to be on duty, *or* on the employer's premises, *or* at other prescribed places of work. . ." Ill. Admin. Code tit. 56, § 210.110 (2022) (emphasis added). Time an employee is required to remain on the employer's premises is therefore compensable whether or not the employee is also on duty, and regardless of when or where the employee punches a time clock. From punch-out until completion of the mandatory security screening, Plaintiff and the Class Members are not permitted to leave Amazon's premises. That time is compensable hours worked

under Illinois law irrespective of any characterization of the timing or location of employees' punch-out as a matter of employee choice.

37. The Illinois Supreme Court has held that the IMWL does not incorporate the exclusions for preliminary and postliminary activities contained in the federal Portal-to-Portal Act, 29 U.S.C. § 254(a)(2) (2018), and that "the General Assembly did not signify any intention to incorporate the preliminary and postliminary activities exclusions set forth in the [Portal-to-Portal Act]." *Johnson*, 2026 WL 772733, at *4.

38. Applying the Illinois Supreme Court's decision, the United States Court of Appeals for the Seventh Circuit has further held that the IMWL does not incorporate the federal "benefit of the employer" test for compensable work, and that an IMWL claim "is limited solely by the text of section 4a(1) of the IMWL and IDOL's regulations implementing that section, namely, 56 Ill. Admin. Code § 210.110." *Johnson v. Amazon.com Servs. LLC*, No. 24-1028, slip op. at 6 (7th Cir. June 9, 2026). Accordingly, whether the required pre-shift and post-shift activities described in this Complaint were undertaken primarily for Amazon's benefit is irrelevant to their compensability under Illinois law; it is sufficient that Amazon required Plaintiff and the Class Members to be on its premises during that time.

39. Accordingly, the pre-shift and post-shift time described above is compensable "hours worked" under the IMWL, and Amazon's failure to compensate Plaintiff and the Class Members for that time violates the IMWL and the IWPCA.

## CLASS ACTION ALLEGATIONS

40. Plaintiff brings this action individually and as a class action pursuant to 735 ILCS 5/2-801 on behalf of the following Class and Overtime Subclass:

> <u>Class</u>: All current and former hourly, non-exempt employees of Amazon who worked at an Amazon warehouse or fulfillment center

in Illinois at any time during the ten (10) years preceding the filing of this Complaint through the entry of judgment, and who were subject to Amazon's timekeeping practices described in this Complaint, under which employees badge through a controlled entrance and walk to a physical time clock inside the facility before clocking in and punch out at a physical time clock and then walk to and pass through a security screening before exiting the facility.

**Overtime Subclass**: All members of the Class who, in one or more individual workweeks during the three (3) years preceding the filing of this Complaint through the entry of judgment, worked more than forty (40) hours when the uncompensated time described in this Complaint is included in their hours worked.

41. Claims excluded from this action. Plaintiff does not seek, and the claims asserted on behalf of the Class and the Overtime Subclass do not include, compensation for time spent undergoing, or waiting to undergo, COVID-19 temperature, health, or symptom screenings, which time is the subject of *Johnson v. Amazon.com Servs., LLC*, No. 1:23-cv-00685 (N.D. Ill.). This exclusion is a limitation on the claims asserted in this action only; it is not, and shall not be construed as, a waiver, release, or abandonment of any claim of Plaintiff or any Class Member in any other action or proceeding.

42. Plaintiff is a member of both the Class and the Overtime Subclass. Plaintiff reserves the right to amend or modify the definitions of the Class and the Overtime Subclass, including by creating additional subclasses, in connection with a motion for class certification or as discovery may warrant.

43. Numerosity. The members of the Class and the Overtime Subclass are so numerous that joinder of all members is impracticable. On information and belief, the Class and the Overtime Subclass each include more than one hundred (100) members. The members of the Class and the Overtime Subclass, and their identities, are readily ascertainable from Amazon's records.

44. Commonality. There are questions of law and fact common to the Class and the Overtime Subclass that predominate over any questions affecting only individual members, including:

a. whether the pre-shift and post-shift time described herein constitutes compensable "hours worked" under the IMWL and the IWPCA;

b. whether Amazon required Plaintiff and the Class Members to perform the pre-shift and post-shift activities described herein;

c. whether Amazon failed to compensate Plaintiff and the Class Members for that time;

d. whether Plaintiff and the Class Members worked more than forty (40) hours in individual workweeks when the uncompensated time is added to their recorded time;

e. whether Amazon's conduct violated the IMWL and the IWPCA; and

f. the proper measure of damages, penalties, interest, and other relief.

45. Typicality. Plaintiff is a member of both the Class and the Overtime Subclass, and Plaintiff's claims are typical of the claims of the members of the Class and the Overtime Subclass. Plaintiff and the members of the Class and the Overtime Subclass were subject to the same Amazon timekeeping and compensation policies and practices and were injured in the same manner by the same conduct.

46. Adequacy. Plaintiff will fairly and adequately protect the interests of the Class and the Overtime Subclass. Plaintiff's interests are not antagonistic to those of the Class or the Overtime Subclass, and Plaintiff has retained counsel experienced in wage-and-hour class action litigation.

47. Appropriateness. A class action is an appropriate and superior method for the fair and efficient adjudication of this controversy. The prosecution of separate actions by individual

members of the Class and the Overtime Subclass would create a risk of inconsistent adjudications and would be impracticable given the relatively modest size of many individual claims.

**COUNT I**
**Violation of the Illinois Minimum Wage Law, 820 ILCS 105/1 to 105/15**
**(Failure to Pay Overtime Wages)**
**(On Behalf of Plaintiff and the Overtime Subclass)**

Plaintiff incorporates and realleges Paragraphs 1-47 as though fully set forth herein.

48. The IMWL entitles covered employees to overtime compensation of not less than one and one-half (1½) times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 820 ILCS 105/4a.

49. Amazon is an employer subject to the IMWL. 820 ILCS 105/3(c).

50. At all relevant times, Plaintiff and the members of the Overtime Subclass were employees covered by the IMWL and were not exempt from its requirements. 820 ILCS 105/3(d).

51. Plaintiff and the members of the Overtime Subclass worked in excess of forty (40) hours in one or more individual workweeks when the uncompensated time described above is included in their hours worked.

52. As described above, Amazon failed to compensate Plaintiff and the members of the Overtime Subclass for all hours worked, including the pre-shift and post-shift time spent on Amazon's premises. In any individual workweek in which that uncompensated time, added to the time Amazon recorded, exceeded forty (40) hours, Amazon failed to pay overtime compensation at one and one-half times the regular rate for the hours worked in excess of forty (40), in violation of the IMWL. The unpaid overtime wages sought in this Count do not include compensation for the COVID-19 screening time excluded from this action.

53. Amazon's failure to pay Plaintiff and the members of the Overtime Subclass for all overtime hours worked was knowing and not in good faith.

54. Pursuant to 820 ILCS 105/12(a), Amazon is liable to Plaintiff and the members of the Overtime Subclass for the unpaid overtime wages owed for the period beginning three (3) years prior to the filing of this action, treble the amount of any such underpayments, statutory damages of five percent (5%) per month of the amount of any such underpayments, and reasonable attorneys' fees and costs.

**COUNT II**
**Violation of the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 to 115/15**
**(Failure to Pay All Earned Wages)**
**(On Behalf of Plaintiff and the Class)**

Plaintiff incorporates and realleges Paragraphs 1-47 as though fully set forth herein.

55. The IWPCA requires employers to pay all wages earned by an employee, at the employee's agreed rate of pay, within the time limits prescribed by the statute. 820 ILCS 115/3, 115/4.

56. Amazon is an employer, and Plaintiff and the Class Members are employees, within the meaning of the IWPCA. 820 ILCS 115/2.

57. Amazon agreed to pay Plaintiff and the Class Members their hourly wages for all hours worked. As alleged above, that agreement is reflected in, among other things, Amazon's written offers of employment, Amazon's Working Hours Policy, and the written acknowledgments of the Working Hours Policy that Amazon required from Plaintiff and the Class Members, through which the parties manifested their mutual assent that hourly employees will be paid for all hours worked and that no employee may be required or permitted to perform work "off the clock" without being paid.

58. The pre-shift and post-shift time described in this Complaint is "hours worked" under Illinois law and is work performed "off the clock" within the meaning of Amazon's own Working Hours Policy. Under the parties' agreement, Amazon was therefore obligated to compensate Plaintiff and the Class Members, at their agreed rates of pay, for that time.

59. As described above, Amazon failed to pay Plaintiff and the Class Members all wages earned, at their agreed rate of pay, for the pre-shift and post-shift time they were required to spend on Amazon's premises, in violation of the IWPCA. The unpaid wages sought in this Count do not include compensation for the COVID-19 screening time excluded from this action.

60. Pursuant to 820 ILCS 115/14(a), Amazon is liable to Plaintiff and the Class Members for the amount of any such underpayments, damages of five percent (5%) of the amount of any such underpayments for each month during which the underpayments remain unpaid, and reasonable attorneys' fees and costs.

61. Pursuant to 735 ILCS 5/13-206, the limitations period applicable to the IWPCA claim is ten (10) years.

**COUNT III**
**Quantum Meruit**
**(Pleaded in the Alternative to Count II)**
**(On Behalf of Plaintiff and the Class)**

Plaintiff incorporates and realleges Paragraphs 1-13, 18-47 as though fully set forth herein.

62. Plaintiff pleads this Count in the alternative to Count II, and only to the extent it is determined that the compensation sought in this action is not owed pursuant to an employment contract or agreement within the meaning of the IWPCA.

63. Plaintiff and the Class Members provided valuable services and time to Amazon by performing the required pre-shift and post-shift activities described in this Complaint, including walking between the controlled facility entrance and the physical time clock and waiting for and

undergoing Amazon's mandatory post-shift security screening, all on Amazon's premises and at Amazon's direction.

64. Amazon's mandatory post-shift security screening exists to deter and detect theft of Amazon's inventory and property. The benefit of that screening, and of the other required pre-shift and post-shift activities described in this Complaint, was conferred upon and retained by Amazon alone; unlike a health measure, the screening conferred no benefit on Plaintiff, the Class Members, or the public.

65. Amazon knowingly received and retained the benefit of Plaintiff's and the Class Members' uncompensated time without paying for it.

66. Amazon's retention of that benefit without payment violates the fundamental principles of justice, equity, and good conscience, and Plaintiff and the Class Members are entitled to recover the reasonable value of the time they provided to Amazon.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all Class Members, respectfully requests that this Court:

A. Certify the Class and the Overtime Subclass pursuant to 735 ILCS 5/2-801;

B. Appoint Plaintiff as representative of the Class and the Overtime Subclass, and appoint Plaintiff's counsel as Class Counsel;

C. Declare that Amazon's policies and practices described herein violate the IMWL and the IWPCA;

D. Award Plaintiff and the Class Members all unpaid wages, including unpaid overtime wages, owed under the IMWL and the IWPCA;

E. In the alternative, award Plaintiff and the Class Members the reasonable value of the uncompensated time they provided to Amazon under the theory of quantum meruit;

F. Award statutory damages and penalties, including treble damages and statutory damages of five percent (5%) per month under the IMWL, and statutory damages of five percent (5%) per month under the IWPCA;

G. Award prejudgment and post-judgment interest as provided by law;

H. Award reasonable attorneys' fees and costs, including expert fees, as provided by law; and

I. Award such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: June 12, 2026

Respectfully submitted by:

**MORGAN & MORGAN, P.A.**
Counsel for Plaintiff and the Putative Class

***/s/ Nick Nepustil, Esq.***
Nick Nepustil, Esq. (*Local Counsel*)
ARDC No. 6313590
332 South Michigan Avenue, #900
Chicago, Illinois 60604
Ph. (312) 767-0920
Email: nicholas.nepustil@forthepeople.com

***/s/ Paul M. Botros, Esq.***
Paul M. Botros, Esq. (*Pro hac forthcoming*)
Florida Bar No. 0063365
8151 Peters Road, Suite 4000
Plantation, FL 33324
Ph. (954) 327-5352
F. (954) 327-3017
Email: pbotros@forthepeople.com